IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARL STORY                                                                                                    PLAINTIFF

       v.                            Civil No. 4:10-cv-04160

SHERIFF RON STOVALL,
Miller County, Arkansas; and
NURSE CARMILLITA WILLIAMS,
Miller County Detention Center                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Carl Story filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Paul K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Separate Defendant Sheriff Ron Stovall has filed a motion for judgment on the pleadings (Doc. 13) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Story did not file a response to the motion. The motion is before me for issuance of this report and recommendation.

### 1. Background

Story is incarcerated in the Miller County Correctional Facility (MCCF), located in Texarkana, Arkansas. According to the allegations of the complaint, on or before September 29, 2010, Story suffered injuries to his left ankle and heel when he attempted to get down from the top bunk in his cell. On September 29th, Dr. Nash ordered x-rays to be taken.

While Story was given the use of crutches for a single day, he alleges he was not taken for the x-rays. Additionally, he indicates Nurse Williams cut off medication he had been taking

consistently since July of 2005 because of degenerative disc disease.

On October 6th, Story submitted a request form complaining that he could not get medical attention for his broken foot. He asked what he needed to do to obtain proper treatment.

On October 8th, Story alleges he was informed that he had an appointment on the 7th to get x-rays and medical help but that the jail refused to transport him. Story indicates he asks several officers over the course of the next week if he could see someone with "some rank" to expedite matters. Story asserts he personally mailed grievances and requests to the Sheriff but received no response.

On October 13th, Story states he was finally x-rayed. On October 19th, Story was advised an appointment was being made with an orthopaedic surgeon. On October 26th, Story was taken to see Dr. Somlarz for consultation. Story alleges Nurse Williams wrote on the transport order "do not treat."

Dr. Somlarz identified on the x-rays a left calcaneus (heel bone) fracture. Nurse Williams was contacted to obtain permission to treat Story with a cast/boot. Story was to be non-weight bearing for twelve weeks. His next appointment was scheduled for November 9th. On October 29th, Story maintains Nurse Williams again refused to provide him with medication.

**2. Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Sheriff Stovall argues the complaint makes no factual allegations against him except that he did not respond to a grievance submitted by Story after he missed a scheduled appointment. Sheriff Stovall points out that Story has not alleged the existence of any policy or custom of Miller County that was the moving force behind any alleged constitutional violation.

While the failure to respond to a grievance does not by itself equate to a constitutional violation, courts have recognized that a plausible theory exists if the Plaintiff maintains the grievance procedure impeded his ability to obtain adequate medical care. "Because [Sheriff Stovall] designed or oversaw the grievance procedure, the argument runs, [he] may be held liable if it resulted in the denial of constitutionally adequate treatment. This is a plausible theory of the constitutional violation, and it fits comfortably under the rubric of deliberate indifference." *Langford v. Norris*, 614 F.3d 445, 464 (8th Cir. 2010). This is precisely the type of claim Story is asserted against Sheriff Stovall.

### 4.  Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (Doc. 13) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of April 2011.

                              /s/ Barry A. Bryant
                              HON. BARRY A. BRYANT
                              UNITED STATES MAGISTRATE JUDGE