IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CARL STORY                                                                                                  PLAINTIFF

VS.                                            CASE NO. 4:10-CV-4160

SHERIFF RON STOVALL,
Miller County Arkansas; and
NURSE CARMILLITA WILLIAMS,
Miller County Detention Center                                                                   DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 21, 2011 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 15). Judge Bryant recommends that Separate Defendant Sheriff Ron Stovall's Motion for Judgment on the Pleadings (ECF No. 13) be denied. After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Defendant Stovall first objects to Judge Bryant's denial of his motion on the grounds that the transportation mix up by the detention center on October 7, 2010 was the cause of delay in Plaintiff's medical treatment, not the grievance procedure. Plaintiff was injured on September 29, 2010. After allegedly not getting proper medical attention for a full week, Plaintiff submitted a written complaint on October 6. A transportation mix-up on October 7, seemingly the fault of the detention center, prevented Plaintiff from attending a scheduled appointment. This appointment was later rescheduled for October 13. Over the course of the week following the October 7 mix up, Plaintiff submitted at least one other written inquiry, this time directed to Defendant Stovall, and asked several prison officials how he could get in touch with someone who had the power to

1

expedite his medical treatment. These inquiries were not responded to. He was finally x-rayed on October 13.

While the transportation mix-up, in and of itself, might have caused a delay in Plaintiff's medical treatment, Plaintiff has sufficiently alleged several other factors that could have contributed to the delay. For example, Plaintiff alleges that his inquiries made previous to and subsequent to the mix-up were not responded to. Accepting Plaintiff's allegations as true, it is possible that the medical care could have been expedited had Plaintiff's concerns been addressed.

Defendant Stovall also objects to Judge Bryant's recommendation on the grounds that "there is no evidence that Stovall directly oversees the grievance procedure." Judge Bryant relied upon *Langford v. Norris*, 614 F.3d 445, 464 (8th Cir. 2010) which stands for the proposition that an individual who designs or oversees a prisoner grievance procedure can be held liable "if [the grievance procedure] resulted in the denial of constitutionally adequate treatment." Defendant Stovall is the sheriff of Miller County. Plaintiff's alleged mistreatment occurred within the Miller County Detention Center. At this early stage in the proceedings, Plaintiff's allegation that the top law enforcement officer in Miller County might have had some involvement or authority regarding the grievance procedure policy in his own detention facility is not without merit.

In his Report and Recommendation, Judge Bryant fully addressed the legal standard that accompanies a motion for judgment on the pleadings. Applying the Federal Rule of Civil Procedure 12(b)(6) general pleading standard, a plaintiff is only required to supply "'sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009)). Furthermore, a pro se complaint like the one before the Court "can only be dismissed

for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Crooks v. Nix*, 872 F.2d 800, 801 (8th Cir. 1989)(quoting *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972)).  Applying this standard, Plaintiff has sufficiently plead facts that point to the possible existence of inadequate prison grievance procedures or medical supervision policies that could have led to a violation of his constitutional rights.[1]

The Court overrules Defendant Stovall's objections and adopts Judge Bryant's Report and Recommendation (ECF No. 15).  For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Separate Defendant Sheriff Ron Stovall's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**.

IT IS SO ORDERED, this 14th day of December, 2011.

   /s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

---

[1] The Court notes that Plaintiff filed an Amended Complaint (ECF No. 21) subsequent to the issuance of Judge Bryant's Report and Recommendation.  However, the changes made to the Complaint do not alter the Court's analysis toward the present motion.